STANFORD *vs.* LYON and wife.

1. A devise of a building and lot to A, on condition that he will permit B "to carry on the business of a druggist on that part of the premises then occupied by him for his business of a druggist (being part of the first floor of said building), so long as he should desire to use it for that purpose," created no easements in the adjoining lot for the use of hydrant and for passage over said lot, in favor of B, though he had been allowed these privileges in the testator's lifetime.

2. The devise as to B, being only the privilege reserved of carrying on the druggists' business in the parts occupied by him at testator's death, is simply the right to occupy.

3. The owner of lands can have no easement in or over his adjoining lands, and when he sells one parcel, the right to enjoy privileges and conveniences which he, when owner of both, enjoyed in the other, does not pass to the purchaser.

This was a motion to dissolve an injunction upon bill and answer.

*Mr. McCarter*, in support of the motion.

*Mr. Runyon*, contra.

THE CHANCELLOR.

The injunction restrains the erection of a building on the rear of the defendant's lot. The complainant claims the right to pass over the part of the lot where the building was being erected, for access to the privy, hydrant, and back gate, from the store and office occupied by him on the first floor of the building. This right was claimed under a devise in the will of Luther G. Thomas, the former owner of the whole premises. By that devise he gave the premises to Lemuel Thomas, from whom the defendants derive their title, on condition that he should permit the complainant to carry on the business of a druggist on that part of the premises then occupied by him for his business of a druggist, so long as he should desire to use it for that purpose. The

premises were on the southeast corner of Elm and Mulberry streets, in Newark; the part occupied by the complainant at the making of the will, and which he occupied as a partner of testator, was the store on the first floor at the corner, with the cellar below it, and an office east of it on Elm street, separated from it by the hall opening on Elm street, and the passage-way to and through this hall from the store to the office. The complainant, both in the lifetime of the testator and since his death, had been in the habit of using, in common with the occupants of the other parts of the house, a hydrant and privy in the yard, and to pass out of a gate opening on Elm street, and to pass through the part of the yard where the building was being erected for that purpose.

The defendants claim that this devise only gave to Stanford the right to occupy the store, cellar, office, and hall leading from the store to the office, and that the use of the privy, hydrant, and passage to them and through the back gate, did not pass by the devise, nor did it create easements for these.

The owner of lands can have no easements in or over his adjoining lands, and when he sells one parcel, the right to enjoy priviléges and conveniences which he, when owner of both, enjoyed in the other, does not pass to the purchaser. The question in this case appears to me to be controlled by the decision of the Court of Appeals in *Fetters* v. *Humphreys*, 4 *C. E. Green* 471. The devise in that case was of a lot occupied by the testator. From the barn on the rear of this lot he had always passed over an adjoining lot belonging to him into the street; there was no other passage open; no other could be opened, except through an ornamental garden beside the dwelling-house, into the front street. It was held that the right to pass out over this other lot did not pass as part of the lot *occupied* by the testator; that the word " occupied " was apparently confined to corporeal hereditaments, and did not include the easements usually enjoyed with the land, unless they were legally easements on the

land of another, and as such appurtenant to the premises. Neither of the rights claimed here would be a continuous or apparent easement, and they therefore do not pass, or are not created by a conveyance of part of the premises.

This view is clearer in this case, the only devise being the privilege reserved of carrying on the druggist's business in the parts then occupied by him. This creates a freehold estate, but it is not so broad as a devise of these parts for the term. It is simply the right to occupy. It is also confirmed by the agreement executed between the parties under their hands and seals, in which the parts occupied by the complainant are recited to be the store, the cellar under it, and the office; no mention is made of the privileges claimed in the yard. The complainant is not estopped by this recital, but it is evidence of what were the parts occupied by him at the making of the will.

And if the rights of the complainant are not settled by the decision in Fetters *v.* Humphreys, yet as they have not been settled at law or settled in his favor by any determination of a court of law in this state upon a like devise, an injunction should not be granted or continued until the right on which it depends has been settled at law. *The Morris and Essex R. Co.* v. *Prudden,* 5 *C. E. Green* 530.

The injunction must be dissolved.